IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDUARDO CORTEZ, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 415 <br>) <br>) Judge Grady |
| v. | ) <br>) Magistrate Judge Keys <br>) <br>) **JURY TRIAL REQUESTED** <br>) |
| CALIFORNIA MUFFLERS & BRAKES, INC., and MAXIMILIANO CHAVEZ, FERNANDO CHAVEZ, and JESUS NUNEZ, individually, | ) <br>) <br>) <br>) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Eduardo Cortez ("the Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Barlow, Kobata & Denis, for his First Amended Complaint against California Mufflers & Brakes, Inc. and Maximiliano Chavez, Fernando Chavez, and Jesus Nunez, individually (hereafter "Defendants") states as follows:

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

**I.    NATURE OF ACTION**

1.     This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked. During the course of their employment, Plaintiff and a class of similarly situated employees routinely worked in excess of forty (40) hours a week, but were not paid for all overtime hours worked. Defendants'

1

actions were and are willful and had the effect of denying Plaintiff and a class of similarly situated employees their overtime wages.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, 28 U.S.C. §1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue lies in the Northern District of Illinois in that Defendants are engaged in business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

4. The Plaintiff, Eduardo Cortez, resides at 5435 W 23rd Place, Cicero, Illinois, 60804. He is a current employee of Defendants.

5. The Plaintiff and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either current or former employees of the Defendants.

6. Defendant California Mufflers & Brakes, Inc. is incorporated in the state of Illinois and operates at least three muffler and brake repair shops located at the following addresses: 5059 S. California Avenue, Chicago, Illinois 60632; 5730 W Cermak Road, Cicero, Illinois, 60804; and 8050 Ogden Avenue, Lyons, Illinois 60534.

7. Defendant California Mufflers & Brakes, Inc. is and was, at all pertinent times, engaged in the business of installing motor vehicle exhaust mufflers, brakes, and other general automotive repair services. Defendants Maximiliano Chavez, Fernando Chavez, and Jesus Nunez

are and were at all pertinent times, the owners and officers of Defendant California Mufflers & Brakes, Inc., and they each oversaw the "day to day" operations of California Mufflers & Brakes, Inc. The individual owners and officers had and exercised authority to set employees' rates of pay, reprimand employees, and participated in the hiring and firing process.

8. Defendants are and were, at all pertinent times, "employers" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

9. Defendant California Mufflers & Brakes, Inc., is and was, at all pertinent times, an "enterprise" as defined by the FLSA.

10. Defendant California Mufflers & Brakes, Inc. is and was, at all pertinent times, an enterprise directly engaged in interstate commerce and the products used and sold by Defendant were, at pertinent times, shipped from outside of Illinois.

11. Defendant California Mufflers & Brakes, Inc. also handled, sold, or otherwise worked on goods or material that have or had been moved in or produced for commerce.

12. At all relevant times herein, the Plaintiff and the class he represents were employed by the Defendants, were paid on an hourly basis, and were "employees" within the meaning of the FLSA.

13. Plaintiff and the class he represents were suffered or permitted to work by the Defendants.

14. Defendants controlled the manner and means of the work performed by the Plaintiff and the class he represents.

15. Plaintiff and the class he represents were subject to supervision and oversight by the Defendants.

16. Plaintiff and the class he represents were paid on an hourly basis and performed manual work.

17. During the course of his employment by Defendants, the Plaintiff and the class he represents were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

18. The Plaintiff, and all other members of the Plaintiff Class, known and unknown, at all pertinent times to this cause of action, were employed by Defendants, and said employment is and was integral and indispensable to Defendants' business.

19. The Plaintiff has signed a "Consent to Become A Party Plaintiff" under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

## IV. CLASS ALLEGATIONS

20. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et. seq.* and § 251 *et. seq.*

21. There exist past and present employees of the Defendants who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

22. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

23. Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by the Defendants.

24. In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

## IV.   FACTUAL ALLEGATIONS

25. Plaintiff Eduardo Cortez has been employed by the Defendants for approximately eight (8) years and is currently employed by the Defendants. At all pertinent times Plaintiff Cortez satisfactorily performed his job duties. He was paid an hourly wage.

26. Plaintiff regularly worked in excess of forty hours in a single work week.

27. On the occasions when Plaintiff worked more than 40 hours in a work week, he was not paid for all the hours he worked in excess of 40 hours at a rate of one and one-half times his regular rate of pay.

28. On the occasions when Plaintiff worked more than 40 hours in a work week, Plaintiff performed manual work and manual labor.

29. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this Complaint.

30. Defendants' failure to pay overtime compensation at the rate of one and one-half his regular rate of pay for all hours worked over forty (40) in a work week is a violation of the Fair Labor Standards Act.

WHEREFORE Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

d. That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff and the Plaintiff Class during the relevant time period; and

e. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-30. Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 30 of Count II.

31. Defendants have, both in the past and presently, willfully failed to pay the Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per

6

week at a rate equal to one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

32. Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

33. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

d. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

1-33. Paragraphs 1-33 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 33 of Count III.

34. In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half times their regular rates for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

35. The Plaintiff and all other similarly situated employees, past or present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

c. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

1-35. Paragraphs 1-35 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 35 of Count IV.

36. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

37. This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

38. At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS § 105/3(c), and Plaintiff was an employee within the meaning of that Act.

39. Pursuant to 820 ILCS § 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

40. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his normal rate of pay for hours worked in excess of forty (40) hours per week. Defendants failed and refused to pay Plaintiff overtime pay.

41. Pursuant to 820 ILCS § 105/12(a), Plaintiff was entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

42. The aforementioned Illinois statute provides for a statute of limitations of three (3) years from the date of the underpayment of the wage, without qualification.

43. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

44. Defendants' failure to pay Plaintiff time and one-half for hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

a. A judgment in the amount of one and one-half times his normal hourly rate of pay for all hours which he worked in excess of forty (40) hours per week;

b. Punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

c. Awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS § 205/2;

d. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Act;

e. That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

f. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## FLSA RETALIATION

1-44. Paragraphs 1-44 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 44 of Count V.

45. Plaintiff engaged in protected activity under the FLSA. For example, on January 18, 2008, Plaintiff, Eduardo Cortez, on behalf of himself and other plaintiffs similarly situated filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, against Defendants, California Mufflers & Brakes, Inc., and Maximiliano Chavez, Fernando Chavez, and Jesus Nunez, individually, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked.

46. On January 18, 2008, on behalf of Plaintiff, Eduardo Cortez, Cortez's counsel complained to Defendant California Mufflers & Brakes via letter that Plaintiff was owed overtime wages, and requested that Defendant pay Plaintiff the overtime and wages due to him.

47. In filing his court complaint, as well as in other ways, Plaintiff engaged in protected activity under the FLSA.

48. Defendants were aware that Plaintiff engaged in protected activity.

49. In retaliation for Plaintiff's protected activity under the FLSA, Defendants have threatened Plaintiff and otherwise discriminated against him. Defendants also retaliatorily discharged Plaintiff.

50. On January 28, 2008, counsel for Plaintiff sent a letter to Defendants Fernando Chavez and Jesus Nunez warning them to cease and desist from engaging in retaliatory conduct against Plaintiff as such conduct was in violation of the FLSA.

51. Defendants' actions were willful, intentional and designed to retaliate against Plaintiff for engaging in his protected activity.

52. Defendants, in threatening, discriminating against, and discharging Plaintiff, violated the anti-retaliation provision of the FLSA which makes it unlawful for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instated any proceeding under or related to this chapter…" 29 U.S.C. 215(a)(3).

53. Plaintiff was damaged as a result of Defendants' retaliation against him.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

a. Awarding Plaintiff compensatory damages;

b. Awarding Plaintiff punitive damages;

c.   Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

d.   For such other, additional, and further relief as the Court deems appropriate under the circumstances.

JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Respectfully submitted,

Dated: February 19, 2008

s/ *Jessica Butterfield*_____
Marty Denis
Jessica Butterfield
BARLOW, KOBATA & DENIS
525 W. Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

*Attorneys for Plaintiff Eduardo Cortez, on behalf of himself and all others similarly situated*