# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EDUARDO CORTEZ, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | |
| v. | No. 08 C 415 |
| CALIFORNIA MUFFLERS AND BRAKES DISCOUNT, and MAXIMILIANO CHAVEZ, FERNANDO CHAVEZ, and JESUS NUNEZ, individually, | Judge Grady<br>Magistrate Judge Keys |
| Defendants. | |

## NOTICE OF DEFENDANTS' ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT AND AMENDED COUNTERCLAIMS

**PLEASE TAKE NOTICE** that on May 20, 2008, there was filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Defendants' Answer to Plaintiff's Second Amended Complaint and Amended Counterclaims, copies of which are attached and hereby served upon you.

Respectfully submitted,

/s/ Alejandro Caffarelli
Attorney for Defendants

Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson Ave., Suite 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDUARDO CORTEZ, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | |
| v. | No. 08 C 415 |
| CALIFORNIA MUFFLERS AND BRAKES DISCOUNT, and MAXIMILIANO CHAVEZ, FERNANDO CHAVEZ, and JESUS NUNEZ, individually, | Judge Grady<br>Magistrate Judge Keys |
| Defendants. | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**
**AND AMENDED COUNTERCLAIMS**

Defendants California Mufflers & Brakes Discount ("California"), misidentified in the Complaint as California Mufflers and Brake, Inc., and Maximiliano Chavez, Fernando Chavez, and Jesus Nunez, by and through its attorneys Caffarelli & Siegel Ltd., respond to Plaintiff's Second Amended Complaint as follows:

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

**I.    NATURE OF ACTION**

1.    This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked. During the course of their employment, Plaintiff and a class of similarly situated employees routinely worked in excess of forty (40) hours a week, but were not paid for all overtime hours worked. Defendants'

actions were and are willful and had the effect of denying Plaintiff and a class of similarly situated employees their overtime wages.

**ANSWER:**   Defendants admit that Plaintiff purports to state claims under the FLSA, Portal to Portal Act, and IMWL.  Defendants deny that they violated any of those statutes and deny wrongdoing of any sort.

## II.   JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including § 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, 28 U.S.C. §133 1, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

**ANSWER:**   Admit.

3.     Venue lies in the Northern District of Illinois in that Defendants are engaged in business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:**   Defendants admit that they are engaged in business in this district and that Plaintiff was employed in this district.  Defendants deny the remaining allegations contained in this paragraph.

## III.   PARTIES

4.     The Plaintiff, Eduardo Cortez, resides at 5435 W 23 Place, Cicero, Illinois, 60804. He is a current employee of Defendants.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4.  Defendants deny all remaining allegations.

5.    The Plaintiff and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either current or former employees of the Defendants.

**ANSWER:**    Defendants deny that Plaintiff is currently employed by Defendants. Defendants further deny that Plaintiff was ever employed by California Mufflers & Brakes, Inc., or Maximiliano Chavez.  Defendants admit that Plaintiff is a former employee of California, which is owned by Fernando Chavez and Jesus Nunez.  Answering further, Defendants deny that Plaintiff represents a class of current and former employees.

6.    Defendant California Mufflers & Brakes, Inc. is incorporated in the state of Illinois and operates at least three muffler and brake repair shops located at the following addresses: 5059 5. California Avenue, Chicago, Illinois 60632; 5730 W Cermak Road, Cicero, Illinois, 60804; and 8050 Ogden Avenue, Lyons, Illinois 60534.

**ANSWER:**    Defendants admit that California is incorporated in the state of Illinois and operates a shop at 5730 W Cermak Road, Cicero, Illinois, 60804.  Defendants deny all remaining allegations.

7.    Defendant California Mufflers & Brakes, Inc. is and was, at all pertinent times, engaged in the business of installing motor vehicle exhaust mufflers, brakes, and other general automotive repair services. Defendants Maximiliano Chavez, Fernando Chavez, and Jesus Nunez are and were at all pertinent times, the owners and officers of Defendant California Mufflers & Brakes, Inc., and they each oversaw the "day to day" operations of California Mufflers & Brakes, Inc. The individual owners and officers had and exercised authority to set employees' rates of pay, reprimand employees, and participated in the hiring and firing process.

**ANSWER:**    Defendants admit that California is and was, at all pertinent times, engaged in the business of installing motor vehicle exhaust mufflers, brakes, and other general automotive repair services Defendants admit that Fernando Chavez and Jesus Nunez are and were at all pertinent times, owners and officers of Defendant California, and that they each oversaw the "day to day" operations of California.  Defendants admit that Fernando Chavez and Jesus Nunez had and exercised authority to set rates of pay, reprimand employees, and participated in the hiring and firing process of California's employees.  Defendants deny all remaining allegations.

8.    Defendants are and were, at all pertinent times, "employers" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**ANSWER:**    Admit.

9.    Defendant California Mufflers & Brakes, Inc., is and was, at all pertinent times, an "enterprise" as defined by the FLSA.

**ANSWER:**    Admit.

10.    Defendant California Mufflers & Brakes, Inc. is and was, at all pertinent times, an enterprise directly engaged in interstate commerce and the products used and sold by Defendant were, at pertinent times, shipped from outside of Illinois.

**ANSWER:**    Admit.

11.    Defendant California Mufflers & Brakes, Inc. also handled, sold, or otherwise worked on goods or material that have or had been moved in or produced for commerce.

**ANSWER:**    Admit.

12.    At all relevant times herein, the Plaintiff and the class he represents were employed by the Defendants, were paid on an hourly basis, and were "employees" within the meaning of the FLSA.

**ANSWER:**    Defendants admit that Plaintiff was employed by California, which is owned by Fernando Chavez and Jesus Nunez.  Defendants deny all remaining allegations.

13.    Plaintiff and the class he represents were suffered or permitted to work by the Defendants.

**ANSWER:**    Defendants admit that Plaintiff was employed by California, which is owned by Fernando Chavez and Jesus Nunez, and that he was allowed to work for said company. Defendants deny all remaining allegations.

14.    Defendants controlled the manner and means of the work performed by the Plaintiff and the class he represents.

**ANSWER:**    Defendants admit that Plaintiff was California, which is owned by Fernando Chavez and Jesus Nunez and that Fernando Chavez, and Jesus Nunez controlled the manner and means of the work performed by the Plaintiff.  Defendants deny all remaining allegations.

15.    Plaintiff and the class he represents were subject to supervision and oversight by the Defendants.

**ANSWER:**    Defendants admit that Plaintiff was employed by California, which is owned by Fernando Chavez and Jesus Nunez, and that Fernando Chavez and Jesus Nunez supervised Plaintiff.  Defendants deny all remaining allegations.

16.    Plaintiff and the class he represents were paid on an hourly basis and performed manual work.

**ANSWER:**    Defendant admits that Plaintiff performed manual work, as well as other job duties, during his employment with California.  Defendants deny all remaining allegations.

17.    During the course of his employment by Defendants, the Plaintiff and the class he represents were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**    Denied.

18.    The Plaintiff, and all other members of the Plaintiff class, known and unknown, at all pertinent times to this cause of action, were employed by Defendants, and said employment is and was integral and indispensable to Defendants' business.

**ANSWER:**    Defendants admit that Plaintiff was employed by California, which is owned by Fernando Chavez and Jesus Nunez, and said employment was integral and indispensable.  Defendants deny all remaining allegations.

19.    The Plaintiff has signed a "Consent to Become A Party Plaintiff" under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

**ANSWER:**    Admit.

20.    On January 24, 2008, Angel Silba, a similarly situated employee, opted into this lawsuit by signing a Consent to Become a Party Plaintiff Under the Fair Labor Standards Act, a copy of which attached hereto as Exhibit 2.

**ANSWER:**    Defendants admit that Angel Silba signed a Consent to Become a Party Plaintiff Under the Fair Labor Standards Act, and that he purports to have opted into this lawsuit. Defendants deny that Angel Silba is a similarly situated employee to Plaintiff.

## IV.     CLASS ALLEGATIONS

21.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et. seq.* and § 251 *et. seq.*

**ANSWER:**     Denied.

22.     There exist past and present employees of the Defendants who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

**ANSWER:**     Denied.

23.     For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

**ANSWER:**     Denied

24.     Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by the Defendants.

**ANSWER:**     Denied.

25.     In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys.  Defendants deny that they owe overtime or other wages to Plaintiff, or any of their employees.

IV.    **FACTUAL ALLEGATIONS**

26.    Plaintiff Eduardo Cortez has been employed by the Defendants for approximately eight (8) years and is currently employed by the Defendants. At all pertinent times Plaintiff Cortez satisfactorily performed his job duties. He was paid an hourly wage.

**ANSWER:**    Denied.

27.    Plaintiff regularly worked in excess of forty hours in a single work week.

**ANSWER:**    Admit.

28.    On the occasions when Plaintiff worked more than 40 hours in a work week, he was not paid for all the hours he worked in excess of 40 hours at a rate of one and one-half times his regular rate of pay.

**ANSWER:**    Defendants admit that Plaintiff was employed by California, which is owned by Fernando Chavez and Jesus Nunez, and that he was not paid for all hours he worked in excess of 40 hours at a rate of one and one-half times his regular rate of pay.  Answering further, Defendants state that Plaintiff was an exempt employee under the Fair Labor Standards Act, and therefore deny that Plaintiff was owed overtime.

29.    On the occasions when Plaintiff worked more than 40 hours in a work week, Plaintiff performed manual work and manual labor.

**ANSWER:**    Defendants admit that Plaintiff performed manual work and manual labor during his employment with California.  Answering further, Defendants state that Plaintiff also performed other non-manual job duties.

30.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the Portal to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this Complaint.

**ANSWER:**    Denied.

31.    Defendants' failure to pay overtime compensation at the rate of one and one-half his regular rate of pay for all hours worked over forty (40) in a work week is a violation of the Fair Labor Standards Act.

**ANSWER:**    Denied.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-31.    Paragraphs 1-31 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 31 of Count II.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 31 as if fully rewritten herein.

32.    Defendants have, both in the past and presently, willfully failed to pay the Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:**    Denied.

33.    Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:**    Denied.

34.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

**ANSWER:**    Denied.

### COUNT III
### LIQUIDATED DAMAGES

1-34.    Paragraphs 1-34 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 34 of Count III.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 34 as if fully rewritten herein.

35.    In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half times their regular rates for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:**    Denied.

36.    The Plaintiff and all other similarly situated employees, past or present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

**ANSWER:**    Denied.

### COUNT IV
### SUPPLEMENTAL STATE COURT CLAIM
### ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 cit. seq.

1-36.    Paragraphs 1-36 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 36 of Count IV.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 36 as if fully rewritten herein.

37.    There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

**ANSWER:**    Admit.

38.    This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

**ANSWER:**    Admit

39.    At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS § 105/3(c), and Plaintiff was an employee within the meaning of that Act.

**ANSWER:**    Defendants admit that California, Fernando Chavez, and Jesus Nunez were employers of Plaintiff as defined in the Illinois Minimum Wage Law, 820 ILCS § 105/3(c). Defendants also admit that Plaintiff was an employee of California, Fernando Chavez, and Jesus Nunez within the meaning of that Act.    Defendants deny that Maximiliano Chavez was an employer of Plaintiff, and that Plaintiff was an employee of Maximiliano Chavez within the meaning of the Act.

40.    Pursuant to 820 ILCS § 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:**   Denied.

41.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his normal rate of pay for hours worked in excess of forty (40) hours per week. Defendants failed and refused to pay Plaintiff overtime pay.

**ANSWER:**   Denied.

42.    Pursuant to 820 ILCS § 105/12(a), Plaintiff was entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**   Denied.

43.    The aforementioned Illinois statute provides for a statute of limitations of three (3) years from the date of the underpayment of the wage, without qualification.

**ANSWER:**   Admit.

44.    The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

**ANSWER:**   Defendants admit that the Illinois statute provides for the recovery of underpaid wages as well as costs and reasonable attorneys' fees.  Defendants deny that Plaintiff is owed overtime or any other wages under the Act, and therefore deny that he is entitled to recover any of the damages provided for by the Act.

45.    Defendants' failure to pay Plaintiff time and one-half for hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

**ANSWER:**   Denied.

## COUNT V
## FLSA RETALIATION

1-45.    Paragraphs 1-45 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 45 of Count V.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 45 as if fully rewritten herein.

46.    Plaintiff engaged in protected activity under the FLSA. For example, on January 18, 2008, Plaintiff, Eduardo Cortez, on behalf of himself and other plaintiffs similarly situated filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, against Defendants, California Mufflers & Brakes, Inc., and Maximiliano Chavez, Fernando Chavez, and Jesus Nunez, individually, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("ELSA"), the Portal to Portal Act, 29 U.S.C. § 251 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/i et seq. ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked.

**ANSWER:**    Denied.

47.    On January 18, 2008, on behalf of Plaintiff, Eduardo Cortez, Cortez's counsel complained to Defendant California Mufflers & Brakes via letter that Plaintiff was owed overtime wages, and requested that Defendant pay Plaintiff the overtime and wages due to him.

**ANSWER:**    Denied.

48.    In filing his court complaint, as well as in other ways, Plaintiff engaged in protected activity under the FLSA.

**ANSWER:**    Denied.

49.    Defendants were aware that Plaintiff engaged in protected activity.

**ANSWER:**    Denied.

50.     In retaliation for Plaintiff's protected activity under the FLSA, Defendants have threatened Plaintiff and otherwise discriminated against him. Defendants also retaliatorily discharged Plaintiff.  Among the acts of relation were:

   a)     Defendants' threats to have Plaintiff Cortez deported;

   b)     Defendants' threats to have Cortez arrested;

   c)     Defendants' filing of counterclaims against Cortez in this lawsuit.

**ANSWER:**     Denied.

51.     On January 28, 2008, counsel for Plaintiff sent a letter to Defendants Fernando Chavez and Jesus Nunez warning them to cease and desist from engaging in retaliatory conduct against Plaintiff as such conduct was in violation of the FLSA.

**ANSWER:**     Defendants admit that they received a letter from Plaintiff's counsel on or about January 28, 2008.  Defendants deny that they engaged in any retaliatory conduct against Plaintiff.

52.     Defendants' actions were willful, intentional and designed to retaliate against Plaintiff for engaging in his protected activity.

**ANSWER:**     Denied.

53.     Defendants, in threatening, discriminating against, and discharging Plaintiff, violated the anti-retaliation provision of the FLSA which makes it unlawful for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instated any proceeding under or related to this chapter..." 29 U.S.C. 2l5(a)(3).

**ANSWER:**     Denied.

54.     Plaintiff was damaged as a result of Defendants' retaliation against him.

**ANSWER:**     Denied.

## AFFIRMATIVE DEFENSES

Defendants California Mufflers & Brakes Discount ("California"), misidentified in the Complaint as California Mufflers and Brake, Inc., and Maximiliano Chavez, Fernando Chavez, and Jesus Nunez, by and through its attorneys Caffarelli & Siegel Ltd., hereby assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.     Defendants are not liable to Plaintiff for alleged unpaid overtime because Plaintiff is an exempt employee under the Fair Labor Standards Act and Illinois Minimum Wage Law.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims for unpaid wages are barred because he forfeited any and all compensation (including but not limited to overtime allegedly due) by breaching his fiduciary duty of loyalty by stealing from Defendants, and diverting business opportunities from Defendants for his own personal gain.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims for unpaid wages are barred by the doctrine of unclean hands because Plaintiff stole from Defendants, and diverted business opportunities from Defendants for his own personal gain.

## AMENDED COUNTERCLAIMS

Defendant/Counterplaintiff, California Mufflers and Brakes Discount ("California"), by and through its attorneys, Caffarelli & Siegel Ltd., state as follows for its counterclaims against Plaintiffs/Counterdefendants, Eduardo Cortez ("Cortez") and Angel Silba ("Silba"):

### NATURE OF ACTION

1.      This lawsuit arises pursuant to the Illinois state law claims of breach of fiduciary duty of loyalty and conversion.

### JURISDICTION AND VENUE

2.      This court has supplemental jurisdiction over California's Illinois state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district as a substantial portion of the facts and events giving rise to California's claims occurred in this judicial district, and Cortez is a resident of this district.

### THE PARTIES

4.      California is an automobile repair shop located in Chicago, Illinois.

5.      Cortez is a former employee of California, and a resident of Chicago, Illinois.

6.      Silba is a former employee of California, and a resident of Chicago, Illinois.

### FACTUAL ALLEGATIONS

7.      Cortez is a former employee of California.  During his employment, Cortez was employed as the garage manager.

8.      As garage manager, Cortez had the authority to hire and terminate employees.  He also had the authority to schedule customer appointments, sign invoices, and oversee and order inventory.

9.      Silba is a former employee of California.  During his employment, Silba worked as a mechanic.

10.     In or around 2005, Cortez and Silba were caught stealing automobile parts from California.  Cortez and Silba were warned at the time that they would be terminated if they were caught stealing again.

11.     Cortez and Silba continued to steal from the Company throughout their employment.

12.     Cortez also referred customers to other automobile shops, even though California was not busy at the time.  Cortez received a kick back from the other shops for the referrals.

13.     Cortez also frequently scheduled customer appointments during non-business hours so that he could charge cash for his services.  He would keep the cash for himself and the individuals working with him, including Silba, even though the customer had originally sought the services from California.

14.     On or about January 14, 2008, California was informed that people, including Cortez and Silba, were working at the shop during non-business hours.  As a result, California confiscated Cortez's key to the shop.

15.     On or about January 16, 2008, a key to the shop was stolen.  Cortez later admitted he stole the key.

**COUNT I – BREACH OF FIDUCIARY DUTY OF LOYALTY**

16.     California incorporates paragraphs 1 through 13, as if fully incorporated herein.

17.     By reason of their employment and positions with California, Cortez and Silba had a fiduciary duty of loyalty to California.

18.    Cortez and Silba breached their fiduciary duty of loyalty by stealing from California and diverting business opportunities from the Company for their own gain.

19.    California has been damaged by Cortez's and Silba's breach of his fiduciary duty of loyalty. Specifically, California has been damaged in the amounts of the stolen automobile parts, lost profits from the diverted business opportunities, and payment of wages to Cortez and Silba from the first date of breach until and through their employment with the Company terminated. These wage payments, which Cortez and Silba must forfeit, include but are not limited to the unpaid wages they claim to be owed in the Second Amended Complaint.

WHEREFORE, California prays that this Honorable Court enter judgment in its favor and against Cortez and Silba:

    A.    Awarding California its actual damages in an amount to be determined at trial;

    B.    Awarding California restitutionary damages in an amount to be determined at trial for salary and other compensation conferred to Cortez and Silba after they breached their fiduciary duty of loyalty;

    C.    Awarding California prejudgment interest;

    D.    Awarding California punitive damages in an amount to be determined at trial; and

    E.    Awarding California such other and further relief as this Court deems reasonable and just under the circumstances.

## COUNT II- CONVERSION

20.    California incorporates paragraphs 1 through 19, as if fully rewritten herein.

21.     During the course of their employment, Cortez and Silba stole automobile parts from California's inventory.

22.     Cortez and Silba subsequently used the stolen automobile parts in servicing customers for their own profit.

23.     Cortez and Silba had no authority to take and/or use the Company's inventory for their own use.

24.     Cortez and Silba knew that they were not authorized to take automobile parts from California's inventory for their own use, yet intentionally did so anyway.

WHEREFORE, California prays that this Honorable Court enter judgment in its favor and against Cortez and Silba:

A.     Awarding California its actual damages in an amount to be determined at trial;

B.     Awarding California prejudgment interest;

C.     Awarding California punitive damages in an amount to be determined at trial; and

D.     Awarding California such other and further relief as this Court deems reasonable and just under the circumstances.

Dated: May 20, 2008                          Respectfully submitted,

Alejandro Caffarelli, #06239078          Defendants CALIFORNIA MUFFLERS
Bradley Manewith, #06280535              AND BRAKE DISCOUNT, and
Caffarelli & Siegel Ltd.                       MAXIMILIANO CHAVEZ, FERNANDO
Two Prudential Plaza                         CHAVEZ, and JESUS NUNEZ
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231                          By: /s/ Alejandro Caffarelli____
Email  info@caffarelli.com                       Attorney for Defendants
Web    www.caffarelli.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Defendants' Answer to Plaintiff's Second Amended Complaint and Amended Counterclaims, to be served upon the parties listed below via the electronic filing system of the United States District Court for the Northern District of Illinois on May 20, 2008.

Martin K. Denis
Bethany Hilbert
Barlow Kobata & Denis
525 W. Monroe St., Suite 2360
Chicago, IL  60661


Courtesy copies delivered to the chambers of Judge Grady via hand delivery.


/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601